# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMEL S. DUMAS, | : | NO. 1:09-cv-2235 |
| | : | |
| Plaintiff, | : | |
| | : | (Magistrate Judge Martin Carlson) |
| v. | : | |
| | : | |
| PATRICK McKINNEY, et al., | : | |
| | : | |
| Defendants. | : | ELECTRONICALLY FILED |

## PROPOSED JURY INSTRUCTIONS

In accordance with L.R. 51.1, Defendant Officer Patrick McKinney, by and through his attorneys, respectfully submit the following proposed substantive points for charge, along with an accompanying table of contents.

Officer McKinney will defer to this Honorable Court for general points of charge regarding burden of proof, credibility of witnesses and damages. Officer McKinney reserves the right to submit points for charge, if necessary, at or near the close of testimony.

Respectfully submitted,

Dated: <u>February 28, 2011</u>

/s/ David J. MacMain
David J. MacMain (I.D. No. 59320)
Janelle E. Fulton (I.D. No. 80027)
LAMB MCERLANE, PC
24 East Market Street – Box 565
West Chester, PA  19381-0565
(610) 701-3262
*Attorneys for Defendants*

## **TABLE OF CONTENTS**

42 U.S.C. § 1983 - General Instructions ................................................................ 1-2

Color of Law Admitted ..............................................................................................3

Use of Force .......................................................................................................... 4-5

No Right to Resist Arrest..........................................................................................6

No Duty to Retreat ....................................................................................................7

Negligence Not Sufficient for § 1983 Claim ......................................................... 8-9

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

Mr. Dumas is suing Officer McKinney under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

*Model Civil Jury Instructions for the District Courts of the Third Circuit*, 4.1.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

Mr. Dumas must prove both of the following elements by a preponderance of the evidence:

First:  Officer McKinney acted under color of state law.

Second:  While acting under color of state law, Officer McKinney deprived Mr. Dumas of a federal constitutional right.

I will now give you more details on action under color of state law, after which I will tell you the elements Mr. Dumas must prove to establish the violation of his federal constitutional right.

*Model Civil Jury Instructions for the District Courts of the Third Circuit*, 4.3.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

The first element of Mr. Dumas's claim is that Officer McKinney acted under color of state law.  This means that Mr. Dumas must show that Officer McKinney was using power that he possessed by virtue of state law.

A person can act under color of state law even if the act violates state law.  The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state.

By "state law," I mean any statute, ordinance, regulation, custom or usage of any state. And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

Because Officer McKinney was an official of the City of Lebanon at the relevant time, I instruct you that he was acting under color of state law.  In other words, this element of Mr. Dumas's claim is not in dispute, and you must find that this element has been established.

*Model Civil Jury Instructions for the District Courts of the Third Circuit*, 4.4;
*Model Civil Jury Instructions for the District Courts of the Third Circuit*, 4.4.1.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

The second element of Mr. Dumas's claim is that Officer McKinney deprived him of a federal constitutional right.

Mr. Dumas claims that Officer McKinney violated his constitutional rights under the Fourth Amendment to the United States Constitution. Specifically, Mr. Dumas claims that Officer McKinney used excessive force when Officer McKinney arrested Mr. Dumas on April 20, 2008.

I will now explain to you the law you should apply concerning this Fourth Amendment claim.

*Model Civil Jury Instructions for the District Courts of the Third Circuit*, 4.5 (modified as indicated, with underline indicating added text).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested or stopped by police. In other words, a law enforcement official may only use the amount of force necessary under the circumstances to make an arrest or conduct a stop. Every person has the constitutional right not to be subjected to excessive force while being arrested or stopped, even if the arrest or stop is otherwise proper.

In this case, Mr. Dumas claims that Officer McKinney used excessive force against him. In order to establish that Officer McKinney used excessive force, Mr. Dumas must prove both of the following by a preponderance of the evidence:

First:  Officer McKinney intentionally committed certain acts.

Second:  Those acts violated Mr. Dumas's Fourth Amendment right not to be subjected to excessive force.

In determining whether Officer McKinney's acts constituted excessive force, you must ask whether the amount of force Officer McKinney used was the amount which a reasonable officer would have used in making the arrest under similar circumstances. You should consider all the relevant facts and circumstances that Officer McKinney reasonably believed to be true at the time of the arrest. You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force,

if any, and the amount of force applied. The circumstances relevant to this assessment can include:

- the severity of the crime at issue;
- whether Mr. Dumas posed an immediate threat to the safety of Officer McKinney or others;
- the possibility that Mr. Dumas was armed;
- the possibility that other persons subject to the police action were violent or dangerous;
- whether Mr. Dumas was actively resisting arrest or attempting to evade arrest by flight;
- the duration of Officer McKinney's action;
- the number of persons with whom Officer McKinney had to contend ; and
- whether the physical force applied was of such an extent as to lead to unnecessary injury.

The reasonableness of Officer McKinney's acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to make the arrest or conduct the stop. However, not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, Mr. Dumas must prove that Officer McKinney intended to commit the acts in question; but apart from that requirement, Officer McKinney's actual motivation is irrelevant. If the force Officer McKinney used was unreasonable, it does not matter whether Officer McKinney had good motivations. And an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

What matters is whether Officer McKinney's act was objectively reasonable in light of the facts and circumstances confronting Officer McKinney.

*Model Civil Jury Instructions for the District Courts of the Third Circuit*, 4.9 (modified as indicated, with brackets indicating omitted text).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

A person has no right to resist arrest, even if he believes that the arrest is unlawful.

18 Pa. C.S. § 505 (2010).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

A [] <u>police</u> officer [] need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest.  He is justified in the use of any force which he believes to be necessary to affect the arrest and of any force which he believes to be necessary to defend himself or another from bodily harm while making the arrest.


18 Pa. C.S. § 508(a)(1) (2010) (modified as indicated, with brackets indicating omitted text, and underline indicating added text).

## PROPOSED JURY INSTRUCTION NO. 8

I instruct you that Officer McKinney cannot be found liable to Mr. Dumas if his handling of the incident was merely negligent, or that he made errors in judgment.  Rather, in order for you to find Officer McKinney liable, Mr. Dumas must prove that Officer McKinney's actions were intentional or malicious or, at the very least, reckless or grossly negligent.


*Davidson v. Cannon*, 474 U.S. 344, 347-48 (1985); *Reed v. DeRose*, Civ. No. 4:CV-09-0310, 2010 U.S. Dist. LEXIS 19338, *1, *13 (M.D. Pa. Mar. 3, 2010) (Jones, J.).

## PROPOSED JURY INSTRUCTION NO. 9

"Gross negligence" is a "failure to perform a duty in reckless disregard of the consequences or with such want of care and regard for the consequences as to justify a presumption of willfulness or wantonness."

*Fidelity Leasing Corp. v. Dun & Bradstreet, Inc.*, 494 F. Supp. 786, 789 (E.D. Pa. 1980).

## **CERTIFICATE OF SERVICE**

I, David J. MacMain, hereby certify that on this 28th day of February 2011, the foregoing Defendant's Proposed Jury Instructions were filed electronically and are available for viewing and downloading from the ECF system of the United States District Court for the Middle District of Pennsylvania.  The following parties received electronic service of the Notice of Electronic Case Filing:

>Matthew B. Weisberg, Esquire
>Weisberg Law, P.C.
>7 South Morton Avenue
>Morton, PA  19070
>mweisberg@ppwlaw.com
>*Attorney for Plaintiff*

This *Certificate of Service* and the said filing are intended to be available for viewing and downloading from the ECF system of the United States District Court for the Middle District of Pennsylvania.

>/s/ David J. MacMain
>David J. MacMain